IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-5-F[1]

| | |
|---|---|
| WAKE COUNTY HUMAN SERVICES, ) ) Plaintiff, ) ) v. ) ) WILLIAM SCOTT DAVIS, JR., ) ) Defendant. ) | **ORDER and MEMORANDUM and RECOMMENDATION** |

The above-captioned matter is before the court on the motion (D.E. 8)[2] by defendant William Scott Davis, Jr. ("Davis") to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and the associated frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and the frivolity review pursuant to § 636(b)(1)(B). Also before the court are several other motions filed by Davis.[3] These motions were filed prematurely given that Davis has not yet been granted leave to proceed with this action without prepayment of the filing fee.

## ORDER ON *IN FORMA PAUPERIS* MOTION

Based on the information in the motion to proceed *in forma pauperis*, the court finds that Davis has adequately demonstrated his inability to prepay the required court costs. His motion

---

[1] This matter was originally docketed as a miscellaneous case ("MC") under docket number 5:12-MC-39 due to Davis's failure to either pay a filing fee or submit an application to proceed *in forma pauperis*.

[2] This is the second motion to proceed *in forma pauperis* filed in this matter. An earlier motion was filed at D.E. 2 and contains substantially the same information as the second motion. The court will address the second motion because it presumably reflects a more current picture of Davis's financial situation.

[3] These motions include: two motions for extension of time to file various documents (D.E. 3, 6); a motion to change venue (D.E. 4); and a motion for leave to file an amended complaint (D.E. 7).

(D.E. 8) to proceed *in forma pauperis* is therefore ALLOWED.  Davis's earlier motion (D.E. 2) to proceed *in forma pauperis* is DENIED AS MOOT.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

### I.  BACKGROUND

In this action, Davis is attempting to remove a civil action (Case No. 09CVS5181) from Wake County Superior Court.[4]  (*See* Not. of Rem.[5] (D.E. 1) ¶ I); Compl. (D.E. 1-3)).  On 17 March 2009, Wake County Human Services ("WCHS") brought the action against Davis for abuse of process arising out of his misuse of the legal process and seeking damages and injunctive relief in the form of a pre-filing injunction.  (Compl. 4-16).  On 12 September 2012, Wake County Superior Court Judge Paul C. Ridgeway awarded judgment to WCHS and entered a permanent injunction against Davis prohibiting further filing by him in any North Carolina court without first seeking permission from the court or obtaining a Rule 11 certification from a duly licensed North Carolina attorney.  (*See* copy of 12 Sept. 2012 J. (D.E. 5-2) filed in related case *WCHS v. Davis*, No. 5:14-CV-4-F).  Davis alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332 and 1441(b). (*See* Not. of Rem. (D.E. 1) ¶ IV; (D.E. 1-1) ¶ IV).

### II.  DISCUSSION

#### A.  Applicable Legal Standards

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B).  The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be

---

[4] Formally, the North Carolina General Court of Justice, Superior Court Division, County of Wake.

[5] Davis filed a second Notice of Removal at D.E. 1-1.  Both Notices bear Davis's signature and are dated 28 June 2012.  (*See* 1st Not. of Rem. at 2; 2d Not. of Rem. at 2).  The court will consider these documents together in determining the propriety of the proposed removal.

granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). However, it is a party's "abuse of the legal process" which renders an action subject to dismissal as malicious. *Galeas v. Byrd*, No. 3:11-cv-543-RJ, 2011 WL 6370373, at *3 (W.D.N.C. 20 Dec. 2011); *see also Crisafi v. Holland,* 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("A complaint plainly abusive of the judicial process is properly typed malicious."). An action may be abusive of the legal process where it "merely repeat[s] pending or previously litigated claims." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993); *see also Ballentine v. Crawford*, 563 F. Supp. 627, 629 (N.D. Ind. 1983) ("A complaint that merely repeats pending or previously litigated claims may be considered abusive and a court may look to its own records to determine whether a pleading repeats prior claims."). In determining whether an action should be dismissed as malicious under § 1915, "[a] plaintiff's past litigious conduct should inform a district court's discretion." *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (citing *In re McDonald,* 489 U.S. 180 (1989) (denying request to proceed *in forma pauperis* based, in part, on abusive number of filings)); *see also Cain v. Com. of Va.*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) ("[T]he Court draws on its previous experience with the litigant in evaluating the character of the present complaint.").

A court may also consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal).

"Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction.").

A requirement for removal of a civil case from state court is that the federal district court have original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). A case that is improperly removed is subject to remand to the state court from which it came. *See* 28 U.S.C. § 1447(c). The court has the power to remand a case on its own motion when it is apparent that the case was improperly removed. *See, e.g., Deluca v. Mass. Mut. Life Ins. Co.,* No. 105CV00632OWWDLB, 2005 WL 1562033, at *3 (E.D. Cal. 28 June 2005); *S. & H. Grossinger, Inc. v. Hotel and Rest. Employees and Bartenders Int'l Union AFL-CIO, Local 343*, 272 F. Supp. 25, 27 (S.D.N.Y. 1967).

**B.   Analysis**

Davis's attempted removal of the instant civil case is improper because it is untimely. Pursuant to 28 U.S.C. § 1446, a civil defendant must file a notice of removal

> within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Given that the civil action was filed in March 2007 and that judgment was entered in the matter in September 2009, the Notice of Removal filed on 6 July 2012 is clearly untimely. This case should accordingly be remanded to Wake County Superior Court.

### III.  CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be REMANDED to Wake County Superior Court pursuant to 28 U.S.C. § 1447(c). It is FURTHER RECOMMENDED that the remaining pending motions in this action (D.E. 3, 4, 6, 7) be DISMISSED as prematurely filed and moot, and terminated by the Clerk.

The Clerk shall send a copy of this Memorandum and Recommendation to Davis, who shall have 14 days from service thereof to file written objections. Failure to file timely written objections bars Davis from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 10th day of January 2014.

_____
James E. Gates
United States Magistrate Judge