UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-5-F

| WAKE COUNTY HUMAN SERVICES, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIAM SCOTT DAVIS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Memorandum and Recommendation [DE-11] ("M&R") issued by United States Magistrate Judge James E. Gates. Therein, Judge Gates recommends that this action be remanded to the Wake County Superior Court pursuant to 28 U.S.C. § 1447(c), and that pending motions in this action be dismissed as moot. For the reasons stated below, the court ORDERS that this case be remanded to the Wake County Superior Court, and that all pending motions filed by Defendant are denied as moot.

## I. BACKGROUND

This action was opened in this court when Defendant filed a Notice of Removal [DE-1] of a civil action (Case No. 09CVS5181) filed against him by Wake County Human Services ("WCHS") on March 17, 2009 in the North Carolina General Court of Justice, Superior Court Division, Wake County (hereinafter, the "Wake County Superior Court"). WCHS asserted a claim for abuse of process against Defendant and sought damages and an injunctive relief in the form of a "gatekeeper" order or pre-filing injunction. *See* Compl. [DE-1-3]. On June 16, 2009, Wake County Superior Court Judge Paul C. Ridgeway awarded judgment to WCHS and entered a permanent injunction against Davis prohibiting further filing by him in any North Carolina court without first seeking

permission from the court or obtaining a Rule 11 certification from a duly licensed North Carolina attorney. *See WCHS v. Davis*, No. 5:14-CV-4-F, at DE-5-2.[1]

Consistent with the practice in this district, after Defendant filed the notice of removal, the case was designated as a miscellaneous case because Defendant neither filed a filing fee nor filed a motion for leave to proceed in forma pauperis. The miscellaneous case was assigned to Judge Gates.

A few weeks after Defendant filed the Notice of Removal, he filed a Motion for Leave to Proceed in forma pauperis [DE-2]. Defendant also filed a series of motions [DE-3; DE-4; DE-6; DE-7] over a period of several months. Subsequently, the Clerk of Court issued a Reassignment Order [DE-10], stating that because Defendant had filed a motion to proceed in forma pauperis, the case was converted to a civil case, and assigned to a district judge. The case was randomly reassigned to the undersigned, and Judge Gates remained the assigned magistrate judge. *See* January 6, 2014, Order [DE-10].

Judge Gates then issued an Order and M&R [DE-11] which was filed on January 13, 2014, allowing Defendant's Motion for Leave to Proceed in forma pauperis [DE-2], but recommending, after conducting a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), that the action be remanded to state court. Specifically, Judge Gates found that Defendant's attempted removal of this action was untimely under 28 U.S.C. § 1446.

---

[1] Although the copy of the September 16, 2009, Judgment was not filed in this case, the court takes judicial notice of it. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (explaining that a federal court may take judicial notice of other court proceedings, especially if those proceedings directly relate to the matter pending before the federal court).

2

The filing of the M&R set off a flurry of activity by Defendant, consistent with his history of vexatious filing in this court and others. *See Davis v. Mitchel*, 5:12-CV-493-F. In an order filed on January 27, 2014 [DE-19], the court denied Defendant's various "appeals" but allowed his motion for an extension of time to file an objection to the M&R, and set February 13, 2014 as the deadline for doing so. Defendant responded by filing his objection [DE-20]; a memorandum in support of his objection [DE-21]; a notice of appeal to the undersigned [DE-22]; a motion for recusal as to Judge Gates [DE-23]; an amended notice of removal [DE-24]; another objection [DE-25], and a notice of appeal directed to the Fourth Circuit Court of Appeals [DE-26].

## II. JURISDICTION TO CONSIDER M&R AND PENDING MOTIONS

Before reaching the M&R and Defendant's various pending motions, the court first addresses the impact, if any, of Defendant's filing of a notice of appeal [DE-26] directed to the Fourth Circuit. Generally, the filing of a notice of appeal "confers jurisdiction on the courts of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citation omitted). There are exceptions to this general rule, however, and it is well-settled that a "district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order." *United States v. Jones*, 367 F. App'x. 482, 484 (4th Cir. 2010) (citing *Griggs*, 459 U.S. at 58); *see also United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996); *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966); *Woods v. Attorney General of Maryland*, Civil Action No. WDQ-12-1260, 2012 WL 6042834, at *2 (D. Md. Dec. 3, 2012) (ruling on the petitioner's habeas corpus petition even though petitioner had appealed court's earlier denial of motion to recuse because an "order denying recusal is not an appealable interlocutory or collateral order").

3

Here, Defendant's notice of appeal directed to the Fourth Circuit [DE-26] indicates he is appealing this court's order filed on January 27, 2014 [DE-19]. Again, that order denied Defendant's various "appeals" and also allowed his motion for extension of time. With regard to the appeals, the court found no error in an reassignment order [DE-10] issued by the Clerk of Court converting the action to a civil case and assigning to the undersigned. The court also found that there was no basis for the undersigned to recuse.

The January 27, 2014, Order [DE-19] is not a "final decision." *See* 28 U.S.C. § 1291. Nor is it an "appealable interlocutory or collateral order." *See United States v. Parker*, 428 F. App'x 260 (4th Cir. 2011) (per curiam) (explaining that an appeal from a district court order denying a motion to recuse or disqualify was not an "appealable" order); *see also* 28 U.S.C. § 1292. Accordingly, because Defendant "has taken an appeal from an unappealable order," this court is not divested of jurisdiction over this action. *Jones*, 267 F. App'x at 484.

### III. DISCUSSION

A district court may "designate a magistrate judge to submit ... proposed findings of fact and recommendations for the disposition of a variety of motions." 28 U.S.C. § 636(b)(1)(B). The court then must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The court has reviewed the M&R and the record in this case, including (but not limited to) each of the documents filed by Defendant in response to the M&R. It is beyond peradventure that the notice of removal is untimely–notwithstanding Defendant's various arguments as to why the

4

statutory deadlines should not apply. Nevertheless, the court is not convinced that it can sua sponte remand this action on the basis of this procedural defect. *See Ellenburg v. Spartan Motors Chassis*, 519 F.3d 192, 197 (4th Cir. 2008) ("[A]ll of the circuit courts that have considered the question have concluded that a district court is prohibited from remanding a case *sua sponte* based on a procedural defect absent a motion to do so from a party.").

Regardless, after a *de novo* review, the court discerns another basis justifying remand. The final judgment in this action was entered in the North Carolina Superior Court on June 16, 2009. This court cannot exercise jurisdiction over what is essentially an appeal from state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) ("Review of [state-court] determinations can be obtained only in [the Supreme Court]."). Consequently, the court finds that this court has no original jurisdiction over this action as required by the removal statute, 28 U.S.C. § 1441(a). Remand of this action is therefore appropriate pursuant to 28 U.S.C. § 1447(c).

Alternatively, even if this court could some how find that Defendant's notice of removal survives frivolity review, the court nevertheless would be compelled to remand the action. This is because the opposing party in this action, WCHS, has itself opposed the removal on the basis of the procedural defects in the removal. In *Wake County Human Services v. Davis*, 5:14-CV-3-F, WCHS filed a motion to strike the notice of removal [DE-5] based, in part, on Defendant's decidedly untimely filing. Although the motion to strike, which this court interprets as a motion to remand, was filed in 5-14-CV-3-F, the face of the motion and the attachments thereto make clear that WCHS is addressing the removal of the instant action. *See* 5:140CV-3-F, at DE-5 p. 1 ("The subject matter of this state court proceeding was a civil action for abuse of process and a prayer for a pre-filing injunction based upon defendant's incessant and inexhaustible frivolous litigation."). Accordingly,

5

the Clerk of Court is DIRECTED to file in the instant action the motion and attachments thereto presently found at Docket Entry 5 in 5:14-CV-3-F. Again, even if this court could somehow find that Defendant's filing of the notice of removal in this action survived frivolity review, the court would be compelled to ALLOW WCHS' motion to remand this action. The court declines to award WCHS its costs.

## IV. CONCLUSION

In conclusion, the Clerk of Court is DIRECTED to file in the instant action the motion and attachments thereto presently found at Docket Entry 5 in 5:14-CV-3-F. The court ORDERS that the action be remanded to the Wake County Superior Court on the basis that this court lacks original jurisdiction over the action, or alternatively, on the basis of the motion filed by WCHS, which is ALLOWED. All pending motions filed by Defendant are DENIED as moot.

SO ORDERED

This the 3rd day of March, 2014.

JAMES C. FOX
Senior United States District Judge

6